# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SIMON LEYBA,

    Plaintiff,

v.                                                                                                                      No. 17-cv-0667 SMV

NANCY A. BERRYHILL,
**Acting Commissioner of the Social Security Administration,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand [Doc. 13] ("Motion"), filed on December 1, 2017. The Commissioner responded on January 29, 2018. [Doc. 19]. Plaintiff replied on February 23, 2018. [Doc. 20]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 15]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") did not apply the correct legal standards in evaluating Plaintiff's mental impairment(s). Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981; 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

### **Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on May 3, 2013. Tr. 10. He alleged a disability-onset date of January 1, 2013. *Id.* His claim was denied initially and on reconsideration. *Id.* ALJ Ann Farris held a hearing on January 6, 2016, in Albuquerque, New Mexico. Tr. 10, 33–58. Plaintiff appeared with his attorney. *Id.* The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE") Mary D. Weber. *Id.*

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

The ALJ issued her unfavorable decision on February 3, 2016. Tr. 20. She found that Plaintiff met the insured status requirements through December 31, 2017. Tr. 12. At step one she found that Plaintiff had not engaged in substantial gainful activity between his alleged onset date. *Id.* At step two, the ALJ found that Plaintiff's diabetes mellitus with neuropathy of the feet was severe. *Id.* She further found that Plaintiff's hepatitis C, lumbago, alcohol use, and mood disorder with anxiety were not severe. Tr. 13.

At step three the ALJ determined that, through the date last insured, none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 14. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 15–18. The ALJ found that Plaintiff had "the [RFC] to perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a) except he could never kneel, crouch, or crawl. He must avoid exposure to hazardous conditions, including unprotected heights and dangerous moving machinery." Tr. 15.

At step four the ALJ found that Plaintiff was unable to return to his past relevant work. Tr. 18. The ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 18–19. She found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. *Id.* Plaintiff requested review from the Appeals Council, but that request was denied on May 10, 2017. Tr. 1–3. Plaintiff timely filed the instant action on June 22, 2017. [Doc. 1].

## Analysis

The ALJ failed to apply the correct legal standards in evaluating Plaintiff's mood disorder. The ALJ failed to include any corresponding mental limitation in Plaintiff's RFC assessment and also failed to explain the omission. Accordingly, remand is warranted to revisit

4

Plaintiff's mental impairment(s). The Court declines to pass on Plaintiff's other alleged errors at this time.

In this case, the ALJ found at step two that Plaintiff's "mood disorder with anxiety secondary to pain" constituted a medically determinable impairment but was not severe. Tr. 13. In assessing the effects of Plaintiff's mood disorder with anxiety, the ALJ found that Plaintiff had mild limitations in his activities of daily living ("ADLs") and in concentration, persistence, or pace. Tr. 13–14. Plaintiff argues that the ALJ committed reversible error by failing either to include corresponding limitations in the RFC assessment or to explain the omission. [Doc. 13] at 3–4.

Defendant denies any error. She appears to argue that because the ALJ found only mild limitations (in ADLs and concentration, persistence, or pace), she was neither required to include any corresponding limitation in the RFC assessment nor required to explain why she did not.[3] *See* [Doc. 19] at 11–12 ("The ALJ reasonably determined that Plaintiff's mental impairments were not severe because the record only supported a finding of mild limitations in activities of daily living; and concentration, persistence, or pace. Given this, a limitation to sedentary work was sufficient to accommodate all of the work-related functional limitations arising from Plaintiff's impairments.") (citation omitted). In support, Defendant cites to *Bales v. Colvin*, in which the Tenth Circuit Court of Appeals "conclude[d] that the ALJ's finding of a moderate limitation in concentration, persistence, or pace at step three d[id] not necessarily translate to a

---

[3] Defendant also argues that "an ALJ is not required to include limitations in the RFC from Section I of the mental RFC assessment [form]." [Doc. 19] at 12. This argument is meritless for two reasons. First, Defendant's argument misrepresents the law. *See Silva v. Colvin*, 203 F. Supp. 3d 1153, 1158–64 (D.N.M. 2016) (thoroughly discussing the POMS, regulations, and case law and holding that none permits an ALJ to ignore Section I findings). Second, no mental RFC form is at issue here.

5

work-related functional limitation for the purposes of the RFC assessment in th[at] case." 576 F. App'x 792, 798 (10th Cir. 2014).

In reply, Plaintiff clarifies that he does not argue that the ALJ was absolutely required to include mental limitations in the RFC assessment. [Doc. 20] at 2–4. Rather, Plaintiff argues that the ALJ, having assessed certain mental limitations, was required *either* to include corresponding limitations in the RFC assessment *or* to explain the omission. *Id.* at 3–4. The Court agrees.

"[I]n assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe*." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (finding that the ALJ's discussion of the non-severe mental impairments might have been adequate but his conclusions were not supported by substantial evidence) (citing 20 C.F.R. § 404.1545(a)(2)). For example, in *Farrill v. Astrue*, the Tenth Circuit Court of Appeals reversed and remanded an ALJ's denial of benefits, finding in pertinent part:

> At step two of the five-step process, the ALJ found that Ms. Farrill's depression was a medically determinable impairment resulting in mild limitations in certain areas of functioning. . . . But the RFC did not include any mental limitations, and the ALJ never explained why he chose not to include any mental limitations in the RFC, despite his previous assessment of mild limitations.

486 F. App'x 711, 713 (10th Cir. 2012).

Here, as in *Farrill*, the ALJ found Plaintiff's "mood disorder with anxiety secondary to pain" to be non-severe. Tr. 13. She assessed mild limitations in certain areas of Plaintiff's functioning as a result of his mood disorder. Tr. 13–14. Nevertheless, the RFC assessment included no mental limitations. Tr. 15. Of course, the ALJ was not necessarily required to

include mental limitations, but if not, she was required to explain her reasoning. She provided no explanation. Tr. 15–18.

Even presuming that the ALJ erred, Defendant argues, Plaintiff suffered no prejudice. Her position is that "unskilled jobs [are] consistent with mild or even moderate limitations in mental functioning." [Doc. 19] at 12. The jobs identified at step five are unskilled. Therefore, the argument goes, even if the ALJ had assessed mental limitations in the RFC, the result would not have been different; Plaintiff would still be found not disabled. *Id.* The Court is not persuaded.

"There may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a claimant's mental limitations." *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015). This is because "unskilled" jobs "just account[] for issues of skill transfer, not impairment of mental functions—which are not skills but, rather, general prerequisites for most work at any skill level." *Chapo v. Astrue*, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012) (internal quotation marks omitted). This Court may not determine in the first instance what mental limitations should be included in the RFC assessment as a result of Plaintiff's mood disorder with anxiety. Such fact-finding is reserved to the Commissioner.

## Conclusion

With no mental limitation included in the RFC assessment and no explanation for the omission, the Court finds that the correct legal standards were not applied in the evaluation of Plaintiff's mood disorder. Therefore, remand is warranted to revisit Plaintiff's mental impairment(s). The Court declines to pass on Plaintiff's other alleged errors at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse or Remand [Doc. 13] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**