# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SIMON LEYBA,

    Plaintiff,

v.                                                          No. 17-cv-0667 SMV

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

THIS MATTER is before the Court on Plaintiff's Opposed Motion for Attorney Fees and Costs [Doc. 24] ("Motion"), filed on May 25, 2018. The Commissioner responded on June 8, 2018. [Doc. 25]. Plaintiff replied on June 20, 2018, [Doc. 26]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 15]. Plaintiff moves the Court for a total award of $8,216.09 comprising $7,623.90 in attorney fees, $20.40 in costs for certified mail, and $571.79 in gross receipts tax ("GRT"). [Doc. 24] at 3. Having reviewed the record, the briefing, and the relevant law, the Court finds that the Motion is well-taken in part and should be granted in part and denied in part. The attorney-fees request is reasonable and should be granted. However, Plaintiff fails to show that costs for mailing or GRT are compensable under 28 U.S.C. §§ 2412 or 1920, and therefore, those costs should not be awarded. The Motion will be granted in part, and Plaintiff will be awarded **$7,623.90**.

## Standard

The Equal Access to Justice Act ("EAJA") provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). However, the fees should be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

## Analysis

Plaintiff is the prevailing party, and Defendant does not argue that her position was substantially justified or that any special circumstance would make an award unjust. Rather, the dispute here is whether the amount of fees is reasonable. There are two points of contention. First, Defendant argues that costs for certified mail and GRT are not compensable and should not be awarded. Second, Defendant argues that the amount of hours requested is unreasonable and should be reduced.

### 1. Plaintiff fails to show that costs for certified mail and GRT are compensable.

The EAJA permits a prevailing party to recover "fees and other expenses, in addition to any costs awarded," and enumerates items that are included within the definition of "fees and other expenses." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). While this list is not exhaustive, the Tenth Circuit has adopted a narrow interpretation of what constitutes "other expenses," excluding such things as travel expenses and postage fees. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

Plaintiff claims $20.40 in costs for certified mail and $571.79 in GRT. [Doc. 24] at 3. Defendant argues that these should be denied because neither is among the expenses listed as recoverable in the relevant statutes. [Doc. 25] at 5 (citing 28 U.S.C. §§ 1920, 2412(a)(1), (d)(2)(A)). Plaintiff argues that the Court should grant her request for GRT "given New Mexico's unique tax laws and [her] complete inability to pay [the taxes herself]." *Id.* at 3. She argues that Defendant pointed to no statute or rule specifically precluding an award for postage or GRT, and because both were incidental to the legal representation, they should be awarded. *Id.*

As the movant, it is Plaintiff's burden to show that the she is entitled to the award. She offers no authority whatsoever indicating that costs for mailing or GRT are compensable under §§ 1920 or 2412. She has not met her burden. The Court is not persuaded that costs for mailing and GRT are compensable here; those amounts will not be awarded.

2. The number of hours requested is reasonable.

Determining the reasonableness of the number of hours billed lies within the court's discretion. *Hensley*, 461 U.S. at 437 (interpreting attorney-fees request under 42 U.S.C. § 1988); *see also Jean*, 496 U.S. at 161 (explaining that once a litigant has established eligibility for fees under EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*.").

Plaintiff requests $7,623.90 in attorney fees for 38.7 hours of work. [Doc. 24] at 1. Defendant argues that this amount should be reduced because no more than 27 hours would be reasonable under the circumstances of this case. [Doc. 25] at 3–4. Defendant argues that the opening brief raised only "standard" arguments and the 787-page administrative record was "not particularly lengthy." *Id.* at 3. Defendant further argues that it was excessive to bill six hours for

3

reviewing the record because fewer than 500 of the pages were actual medical records. *Id.* at 4. Defendant additionally argues that the other time spent was likewise excessive. *Id.* Plaintiff replies that her counsel read every page in the administrative record, which was necessary to present concise evidentiary support for each of her three alleged points of error. [Doc. 26] at 2.

The Court finds that the 38.7 hours requested is within the average range for social security appeals in this district. *See generally Woodrum v. Colvin*, No. CIV-12-338-SPS, 2014 WL 3396069, at *2 (E.D. Okla. July 9, 2014) (unpublished) ("In this Circuit, typical social security appeals require, on average, twenty to forty total hours of attorney time."); *Medina v. Astrue*, 2010 WL 1254835, at *3 (D. Colo. Mar. 26, 2010) (citing *Hayes v. Sec. of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir.1990) (30 to 40 hours was the average amount of time spent on a social security case) and citing *DeGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (compensated hours in social security cases generally range from 20 to 40 hours)). Under the circumstances of this case, the Court is persuaded that 38.7 hours is reasonable.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Opposed Motion for Attorney Fees and Costs [Doc. 24] be **GRANTED in part and DENIED in part**, and Plaintiff Simon Leyba is authorized to receive **$7,623.90** for payment to his attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out

of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**